UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELEA LIMITED, et al.,

        Plaintiffs,

v.

ALLIANCE GAS SYSTEMS, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 04-70530

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

Plaintiffs' Motion for Discovery Sanctions Against Defendant DaimlerChrysler Corporation for Disobedience to Paragraph 3 of the Discovery Order of January 10, 2005 and for Enforcement of the Document Subpoena Served Upon Non-Party Harness, Dickey & Pierce was referred to the undersigned magistrate judge for hearing and determination. The interested parties appeared, by counsel, for hearing on March 10, 2005. Having reviewed plaintiffs' motion, together with the joint opposition of DaimlerChrysler Corporation ("DCC") and Harness, Dickey & Pierce ("HDP"), and having had the benefit of argument and supplemental submissions, I find that the motion should be denied.

My order of January 10, 2005 directed DCC to decide on or before January 11, 2005 whether or not it would rely on the advice of counsel or other privileged information with regard to the duty of due care. If so, DCC would waive its claim of privilege relative to such defense and supplement its responses to plaintiffs' interrogatories numbered 2 and 8, and produce documents responsive to plaintiffs' document request No. 6. DCC made a timely election to rely upon an opinion of counsel sought by it in 2003 from its patent firm, HDP.

That opinion, dated October 20, 2003, concluded that plaintiffs' '637 patent is invalid. DCC supplemented its responses to the pertinent interrogatories and produced documents relating to the 2003 invalidity opinion from HDP. The supplemental response to interrogatory No. 2 declared that DCC "does not waive any privilege or immunity, other than with respect to the attorney/client privilege with its patent attorney regarding the subject matter of the DCC 008213-008574 opinion."

Plaintiffs maintain that DCC had actual notice of the '637 patent in suit based on a letter of April 20, 1998 from Brooks and Kushman P.C. to Mark P. Calcaterra, Esq. of the DCC legal department. That letter identified several patents as possibly being infringed, and detailed for Chrysler certain molded parts that were under study for infringement. Plaintiffs assert that the parties entered into a dialogue on the subject, ending on or about June 26, 1998 without an accommodation. Two representatives of HDP, Michael P. Brennan, Esq. and Steven L. Oberholtzer, participated in the unsuccessful discussions.

Plaintiffs argue that DCC's waiver of attorney/client privilege for the October 20, 2004 invalidity opinion necessarily extends to "all communications on the same subject matter." Michlin v. Canon, Inc., 208 F.R.D. 172, 174 (E.D. Mich. 2002). They accuse DCC of attempting to waive privilege on a selective basis, based upon its failure to produce attorney/client communications relating to the events in 1998.

In an effort to secure documents relating to the 1998 dialogue, plaintiffs served a document subpoena on HDP. On January 21, 2005, HDP responded to the subpoena by producing the invalidity opinion of October 20, 2004. Several additional documents, however, were withheld, 29 of which were classified by HDP as "work product." On that basis, plaintiffs assert that HDP is complicit in DCC's effort to assert a "limited waiver" of

2

the subject matter of the advice of counsel. Having reviewed the briefs of the interested parties, and having heard the arguments of counsel, I find that Plaintiffs' Motion for Discovery Sanctions Against DaimlerChrysler Corporation for Disobedience to Paragraph 3 of the January 10, 2005 Order should be denied as to both DCC and HDP.

Plaintiffs correctly cite the established principle of patent law that an infringer with actual notice of a patentees rights bears an affirmative duty of due care to avoid infringement. They also correctly state that the "wilful infringement" inquiry is directed to the level of compliance with that affirmative obligation. Crystal Semiconductor Corp. v. Tri-Tech Microelectronics Int'l, Inc., 246 F.3d 1336, 1351 (F.Cir. 2001). Plaintiffs also cite accurately the principle that the proper time to access wilfulness is the time at which the infringer received notice. Odetics, Inc. v. Storage Technology Corp., 185 F.3d 1259, 1276 (F.Cir. 1999). Accepting Melea's assertion that DCC had actual notice of the '637 patent in suit from and after the letter of April 20, 1998 from Brooks and Kushman, it does not necessarily follow that DCC's attorney/client privilege and attorney work product protections are waived from that point forward.

DCC has asserted its intent to rely upon the advice of counsel contained in the October 20, 2004 "invalidity opinion" by HDP. Having expressly waived attorney/client privilege with respect to that advice, DCC has necessarily waived privilege on "all communications on the same subject matter." Michlin v. Cannon, Inc., 208 F.R.D. 172, 174 (E.D. Mich 2002). This court, therefore, must determine what information constitutes the "same subject matter" as the invalidity opinion. Understandably, plaintiff opts for an expensive waiver under which all opinions of counsel relating to the '637 patent from and after April 1998, when DCC first received notice from plaintiff concerning it. DCC and HDP

3

reject that view, and urge the court to recognize a far less expansive waiver. The court agrees with that viewpoint.

DCC argues that its decision to rely upon HDP's invalidity opinion waives privilege with its patent counsel only as to communications that are related to the "same subject matter" as the opinion - "namely, the invalidity of the '637 patent." It claims to have produced to plaintiffs all documents in its possession, custody or control that relate to the invalidity opinion. It further states that HDP produced over 1,000 pages of documents relating to that opinion in response to plaintiffs' document subpoena. Further, DCC asserts that it produced its in house attorney, Ralph Ed Smith, who commissioned and then relied upon the invalidity opinion as deponent in a Rule 30(b)(6) deposition by plaintiffs.

DCC supports its actions by citation to Haworth, Inc. v. Herman Miller, Inc., wherein the court held that:

> The scope of the subject matter of the communications and documents subject to discovery should be no broader than the matter made discoverable by [defendants] assertion of the advice of counsel defense . . .. By raising the advice of counsel defense, defendant interjected into this litigation the advice and opinions it received from counsel pertinent to its allegedly infringing products vis-a-vis the allegedly infringed claims of the patents in suit. Discovery of any protected communications related to products not claimed to be infringing goes beyond the subject matter of the waiver.

1995 WL 1312674 at *4 (W.D. Mich). DCC also cites St.-Gobain/Norton Industrial Ceramics Corp. v. GE Co., 884 F.Supp. 31, 34 (D. Mass 1995), and Applied Telematics, Inc. v. Sprint Corp., 1995 WL 567436 at *3.

DCC represents that plaintiffs made no allegations against the parts and suppliers remaining in this case until 2004, a year after it received the invalidity opinion. While it is

4

true that plaintiffs made allegations relative to the '637 patent in the 1998 time frame, those allegations are not a part of the issues remaining in this suit.  Documents submitted for the court's review during the hearing confirm that plaintiffs' 1998 allegations were considered and evaluated on grounds totally separate and independent from those advanced in the 2004 HDP invalidity opinion upon which DCC has declared its intent to rely.  DCC argued at the hearing that the documents withheld by it on privilege grounds don't deal with any product accused in this case, or any supplier which is a party in this action, or with the issue of invalidity of the '637 patent.  I am satisfied that the otherwise privileged documents dealing with the 1998 allegations are beyond the "subject matter" of the 2004 HDP invalidity opinion.  I agree with DCC that nothing in the Michlin opinion, or in the other cases relied upon by plaintiffs, warrants a different conclusion.

This court agrees as well with HDP's argument that a defendant's assertion of the advice of counsel defense to wilful infringement does not automatically constitute a waiver of attorney work product protections.  See Patent Holding Co. v. TG USA Corp., 1998 WL 241203 (E.D. Mich 1998) (adopting the "narrow approach" to the waiver of privilege as annunciated in Steelcase, Inc. v. Haworth, Inc., 954 F.Supp. 1195, 1199 (W.D. Mich. 1997). Federal Circuit case law focuses upon the state of mind of the alleged infringer in evaluating the scope of the waiver of attorney/client privilege associated with the advice of counsel defense.  The mental impressions of counsel issuing an opinion are not probative of that state of mind unless they have been communicated to the client.  Steelcase, 954 F.Supp. at 1199.  HDP's withholding of work product material that was not shown to DCC is consistent with the law of this circuit.

5

For all of the above reasons, Plaintiffs' Motion for Discovery Sanctions Against DaimlerChrysler Corporation for Disobedience to Paragraph 3 of the January 10, 2005 Order is denied as to both DCC and HDP.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: 5/6/05

COPIES SENT THIS DATE TO:

All Counsel of Record