UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELEA LIMITED, et al.,

        Plaintiffs,

v.

ALLIANCE GAS SYSTEMS, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 04-70530

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

Plaintiffs' Motion to Compel Deposition and Document Production from Non-Party Cinpres Gas Injection, Ltd. ("Cinpres") was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on March 10, 2005. Prior to the hearing, counsel reached agreement on the majority of issues presented in the motion. Three unresolved issues remain: 1) whether Cinpres should be required to produce John A. Artz, attorney, for deposition as its managing agent if Cinpres produces no other deponent with knowledge of the matters about which plaintiff seeks to inquiry; 2) whether Cinpres is entitled to attorney-client privilege and/or attorney work product protection for documents relating to a 2002 meeting with James Hendry, inventor of two of the patents in suit, where the meeting occurred after he severed his ties to plaintiff and became a consultant to Cinpres; and 3) whether attorney-client privilege has been waived by Cinpres with respect to 2002 patent opinions of Artz and Artz rendered to Cinpres as to U.S. Patient No. 5,098,637, where a 2004 opinion of Artz and Artz to defendant Alliance Gas Systems ("Alliance") regarding the same patent is being relied upon in this suit.

This is a patent infringement suit in which three patents relating to gas assist plastic injection molding are asserted as infringed by the defendants. The current motion seeks deposition testimony and document production from Cinpres, a non-party British Corporation with offices in Ann Arbor. On January 12, 2005, plaintiffs' counsel issued a subpoena to Cinpres' Ann Arbor office calling for document production and deposition testimony pursuant to Fed.R.Civ.P. 30(b)(6) on a number of designated subjects. Cinpres filed objections on January 11, 2005, through its counsel, John A. Artz. Mr. Artz is also counsel of record for defendant Alliance. He also represents both Cinpres and Steel Case, Inc., in Civil Action No,. 03-70565, presently pending in this court before the Honorable Patrick J. Duggan. That joint representation was undertaken pursuant to the consent of Cinpres, as stated in the declaration of Terry Pearson, its President. Mr. Pearson's declaration asserts that Mr. Artz and his firm has represented Cinpres for more than four years, and had provided valuable and beneficial advice in the patent and other intellectual property areas relative to conventional plastic injection molding issues as well as gas assisted plastic injection molding issues. Further, Mr. Artz has completed several projects in the patent and intellectual property areas for Cinpres. He has visited the corporation's facilities in England and is intimately familiar with its business.

Plaintiffs maintain that Cinpres has numerous ties to this litigation. Defendant Guardian is a Cinpres licensee, and uses a Cinpres process for its accused parts. Guardian claims a license agreement with Cinpres, and asserts its belief that it is using the licensed process. Cinpres has advised those using its process to seek a license from Melea.

Plaintiffs assert that Guardian and Cinpres have communicated with respect to this lawsuit. Guardian has withheld copies of those communications on attorney-client privilege grounds, alleging that they address common legal issues and rights, and that the interests of Guardian and Cinpres are fully aligned.

Fed.R.Civ.P. 30(b)(6) permits a party to name a public or private corporation as a deponent, and to describe with reasonable particularity the matters upon which examination is requested. The organization so named is required to designate "one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . .." Plaintiffs seek an order compelling Mr. Artz to testify on behalf of Cinpres as a "managing agent." In support of that request, they maintain that Mr. Artz has: 1) prosecuted patent applications for Cinpres on the subject matter of this suit, including the licensed "patent expulsion process" patent, U.S. 6,767,487, used by Guardian as the infringing process; 2) authored opinions on the subject matter of this suit for Cinpres; 3) released opinions based on his Cinpres activities for use in this case; and 4) been a contact for Cinpres with Mr. James Hendry. Plaintiffs argue that Mr. Artz was vested with general powers to exercise his discretion and judgment in the above matters, and that he thus qualifies as a managing agent.

In Amway Corporation v. Natron Corporation, the plaintiff filed a Notice of Deposition seeking the testimony of the private counsel who represented defendant in the prosecution of the patent in suit. The issue on Amway's motion to compel Natron to produce its patent counsel was whether the court had the power, pursuant to Fed.R.Civ.P. 30, to compel the attorney's attendance at the deposition. Magistrate Judge Rowland found that the deposing party had the burden of establishing that the attorney was a managing agent, and

3

therefore subject to deposition as a party without the issuance of a subpoena. In view of the broad authority granted to the attorney in connection with the prosecution of the patent applications, as well as his activities with connection with the case, the court determined that the lawyer was a "managing agent" and ordered Natron to present him for deposition.

I find that the facts presented in Amway are distinguishable from those presented in this case. In Amway, the focus of the deposition was the prosecution of the patent in suit. The proposed deponent was the attorney who prosecuted that application, and the corporate entity from which the testimony was sought was a party to the case. In the case at bar, the patent prosecuted by Mr. Artz on behalf of Cinpres is not the subject of this action. That Mr. Artz prosecuted applications and/or rendered opinions on closely related subject matter, and communicated with third persons in connection with his duties, does not, in my mind, elevate his status from outside patent counsel to managing agent of Cinpres. Accordingly, I find that the Motion to Compel Cinpres to Produce Mr. Artz for Deposition Testimony should be denied.

Cinpres has asserted attorney-client privilege with respect to five documents pertaining to a 2002 meeting between its counsel and James Hendry, inventor of two of the patents in suit. Mr. Hendry was, at one time, employed by plaintiff. At the time of the meetings, however, he had terminated that relationship and become a consultant to Cinpres. Plaintiffs maintain that the factual content of those communications should be discoverable under Fed.R.Civ.P. 26(c)(3), but do not expand upon that proposition. They also assert that they have substantial need of the material sought, and that there is no way to obtain its substantial equivalent by other means.

Cinpres counters with the assertion that each of the documents in question constitutes a confidential privileged communication: a) between Cinpres and its attorneys, or b) within the management group at Cinpres based on legal advice from its attorneys. Attorney-client privilege is claimed with respect to each of the documents, and attorney work product protection is invoked as to two of them. Each documents is described on a privilege log as a confidential communication concerning advice of UK attorneys regarding a meeting with Hendry. The communication of information to or from a party's attorney, in confidence, for the purpose of obtaining legal advice, falls within the privilege. Also privileged are confidential communications among members of a corporate management team for the purpose of obtaining or relaying advice of counsel. The attorney-client privilege is unqualified and a protected communication is not subject to disclosure on a claim of substantial need. I am satisfied that plaintiffs have established no right to discovery of the documents in question.

Plaintiffs may well be entitled to discovery of facts known to Mr. Hendry independent of the privileged communications. Attorney-client privilege protects the "communication" of facts to or from counsel, and not necessarily the facts themselves. Plaintiff could have sought matters within Hendry's knowledge, and outside the ambit of attorney-client communications, from Hendry himself. I am satisfied that plaintiffs' motion must be denied.

Plaintiffs also claim that Cinpres improperly withheld three documents authored by Artz and Artz, P.C. to Terry Pearson, President of Cinpres, in July 2002. Each document appears on a privilege log, and is identified as a confidential attorney-client communication. Plaintiffs maintain, however, that the privilege is waived because the communications relate to U.S. Patent No. 5,098,637, one of the patents in suit, and a 2004 opinion of Artz and Artz

5

to defendant Guardian regarding the same patent has been produced by Guardian in discovery. Plaintiffs assert that Guardian and Cinpres are working together regarding the '637 patent as part of a joint defense. They acknowledge that the joint defense doctrine, or community of interest doctrine, was invoked by Mr. Artz to protect Cinpres and Guardian documents prior to the production of the opinion produced by Guardian. They urge the court to hold that Guardian's waiver of attorney-client privilege should be imputed to Cinpres for opinions on the same subject matter generated by the same author. They admit, however, the general rule that a single party operating under a joint defense arrangement may not unilaterally waive the privilege of the other joint defendants over there objection.

Cinpres responds by claiming a common defense privilege with Guardian. Cinpres claims that it had no part in Guardian's decision to waive its attorney-client privilege in connection with opinions provided to it by its own counsel. Thus, it claims that privilege relative to its own opinions, from its own attorney, is personal to Cinpres and cannot be deemed waived by the act of another.

In a supplemental brief filed on March 11, 2005, plaintiffs argue that Cinpres has not met its burden of establishing the existence of a joint defense privilege. In support of that argument, they cite deposition testimony and interrogatory answers to the effect that Guardian is not being defended, indemnified or held harmless by Cinpres in this action. The suggestion appears to be that Cinpres bears the burden of establishing some measure of formality in the joint defense arrangement. Case law suggests, however, that the privilege is not limited to legal consultations between corporations actively engaged in litigation, but can apply when the parties only contemplate or are even just trying to avoid

litigation.  See Epstein, Edna Selan, The Attorney-Client Privilege and the Work Product Doctrine, pages 196-218 (4th Edition 2001).  I am satisfied that Alliance and Cinpres shared sufficiently common interests to warrant the application of attorney-client privilege to their joint discussions on topics of mutual interest.  See SCM Corporation v. Xerox Corporation, 70 F.R.D. 508, 513-14 (D. Conn. 1976).  I find no basis upon which to conclude that any waiver of that protection by Alliance should be imputed to Cinpres.

For all of the above reasons, Plaintiffs' Motion to Compel Deposition and Document Production from Non-Party Cinpres Gas Injection, Ltd. is denied as to the three issues discussed above.  The agreements of the parties as to the balance of the issues raised in the Motion are approved and incorporated herein.


                                               s/Donald A. Scheer  
                                               DONALD A. SCHEER  
                                               UNITED STATES MAGISTRATE JUDGE

DATED: 5/6/05

COPIES SENT THIS DATE TO:

All Counsel of Record