UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELEA LIMITED, et al.,

                      Plaintiffs,

v.

ALLIANCE GAS SYSTEMS,
et al.,

                      Defendants.

_____/

CIVIL ACTION NO. 04-70530

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER DENYING PLAINTIFFS' MOTION
## FOR A RULE 26(c) PROTECTIVE ORDER ON THE
## DEPOSITION OF NON-PARTY JAMES W. HENDRY
## AND
## GRANTING NON-PARTY JAMES HENDRY'S
## MOTION FOR PROTECTIVE ORDER

Plaintiffs' Motion for a Rule 26(c) Protective Order on the Deposition of Non-Party James W. Hendry and Hendry's Motion for Protective Order were referred to the undersigned magistrate judge for hearing and determination.  The parties appeared, by counsel, for hearing on March 22, 2005.  Having reviewed both motions, together with the responses, and having heard the arguments of counsel, I find that plaintiffs' motion should be denied, and that Hendry's motion should be granted.

This lawsuit is part of a long-running dispute over the rights to a process for gas assisted plastic injection molding.  James W. Hendry is a pivotal character in the dispute.  Over a period of more than twenty years, he has been involved in several business relationships (employee/consultant) with parties on both sides of the current litigation.  A central issue in dispute is which party he was working for at the time he invented a

"spillover process" covered by the '637 patent.   A listing of Mr. Hendry's business relationships with parties to this action, and related individuals and/or entities, is set out in the motion papers and the List of Unresolved Issues.  Plaintiffs maintain that Hendry alone invented the contested process at a time during which he was under exclusive contract with Mr. Michael Ladney to develop it.  Documents relating to the filing of the application for the '637 patent contain Hendry's verified declaration that he was the original, first and sole inventor of the process.  Hendry assigned rights to the invention to Mr. Ladney in June, 1988.  The assignment was recorded on July 11, 1988.

Defendant Cinpres maintains that the contested process was developed by Mr. Matthew Sayer, prior to Hendry's contractual relationship with Ladney, and while Hendry was employed by Cinpres as a consultant.  That position was made known to Brooks & Kushman, plaintiffs' attorneys, as early as December 1990.  Mr. Robert Tuttle of that firm filed a disclosure statement in the U.S. Patent and Trademark Office notifying it of "possible claims of Cinpres" affecting the patentability of the invention in the United States.

Ownership of the rights to the contested process was a subject of litigation in both the United States and the United Kingdom.  Those contests were consistently resolved in plaintiffs' favor, largely as a result of Hendry's repeated sworn declarations that he was the original, first and sole inventor.  The litigation included an action by Cinpres against Hendry in the Middle District of Florida, during 1996.  Brooks & Kushman (Mr. Tuttle), who had represented the Ladney business interests throughout the period of controversy, also represented Hendry in the Florida action.  In deposition testimony, Hendry once again reaffirmed that he had developed the "spillover" invention while working with Ladney, and that he had no involvement with such a process while consulting with Cinpres prior to 1985.

2

In September 2001, Hendry entered into a consulting agreement with Cinpres, representing that he had "no continuing, existing or likely future link . . . with Michael Ladney, Melea Limited, Plastic Molded Technologies, Inc., or any company . . . associated or controlled . . . by Michael Ladney."  In April 2003, negotiations took place between Ladney and Hendry for the reestablishment of a consulting role for Hendry.  No formal written contract was created.

In the present action, defendant DaimlerChrysler Corporation has subpoenaed Mr. Hendry for deposition.  The deposition subpoena declares a number of subject areas relating to the '637 patent.  Mr. Hendry's current attorney, Ronald M. Owen, has represented that Hendry's anticipated testimony will conflict, in substantial and material ways, with his numerous prior sworn statements.  Based upon consultations with his client, Mr. Owen indicates that Hendry will testify that:

> 1) he developed the process which is the subject of the '637 patent while employed by Cinpress;
> 2) he spoke with and/or consulted with Cinpress employees, including Mathew Sayer, regarding the process which is the subject of the '637 patent;
> 3) he made Michael Ladney aware of the history of the creation of the injection process behind the '637 patent-namely that it was conceived of while Mr. Hendry worked for Cinpres and may not be patentable-when Mr. Ladney or his employees raised the idea to patent that process; and
> 4) over the years Michael Ladney used threats, intimidation and harassment to coerce him into giving false testimony regarding the creation of the process behind the '637 patent in various legal and administrative proceedings.  Specifically that Mr. Ladney coerced him into testifying falsely before the British Patent Office and in the Cinpres litigation.

(Joint Statement of Unresolved Issues, page 21).  Based on the fact that Brooks & Kushman (Mr. Tuttle) represent plaintiffs in this case, and also represented Mr. Hendry in

3

the 1996 Florida case dealing with the same subject matter, Hendry's current counsel seeks the disqualification of Brooks & Kushman from participation in, or preparation for, Hendry's deposition in this action.

The Michigan Rules of Professional Conduct, and the commentary relating to them, were largely drawn from the American Bar Association's Model Rules of Professional Conduct. The text of each rule is authoritative, and failure to comply with an obligation or prohibition imposed by a rule is a basis for invoking the disciplinary process. The commentary that accompanies each rule neither expands nor limits the scope of the obligations, prohibitions and counsel found in the text of the rule. Mich.R.Prof.Conduct 1.0. The Michigan Rules were adopted by the Michigan Supreme Court, effective October 1, 1988. The Local Rules of the United States District Court for the Eastern District of Michigan incorporate the Michigan Rules of Professional Conduct as a standard of practice in this court. E.D. Mich. LR 83.20(j) and 83.22(b). Mich.R.Prof.Conduct 1.9 provides in pertinent part that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

The parties do not contest the fact that Brooks & Kushman has provided legal counsel to Mr. Michael Ladney and his business interests for many years. Nor is it contested that Brooks & Kushman represented Mr. Hendry in defending the 1996 action against him by Cinpres in the U.S. District Court for the Middle District of Florida. Plaintiffs, in fact, even concede that Mr. Ladney advanced funds to Mr. Hendry to maintain his defense, in anticipation of full cooperation in the defense of the Florida case.

4

Based upon the representations of Ronald M. Owen, Esq., Mr. Hendry's current counsel, relative to the anticipated testimony which Hendry will offer in his deposition by DaimlerChrysler, I am also satisfied that the interests of plaintiffs and Hendry in this action are "materially adverse" within the meaning of Mich.R.Prof.Conduct 1.9. Setting aside questions of credibility, it is apparent that the testimony characterized in Mr. Owens' representations would be inimical to the interests of plaintiffs in establishing the validity and enforceability of the rights conferred under the '637 patent. In <u>Selby v. Revlon Consumer Products, Corp.</u>, 6 F.Supp. 2nd 577 (N.D. Tex. 1997), the court adopted a standard enunciated by the Texas Supreme Court that "[a]dversity is the product of the likelihood of the risk and the seriousness of its consequences." 6 F.Supp. 2nd at 580 (citing <u>National Medical Enterprises, Inc. v. Godbey</u>, 924 S.W. 2nd 123, 132 (Tex 1996)). As it is apparent that Mr. Hendry's anticipated testimony goes to the very heart of the issues in controversy in this case, I am satisfied that the adversity requirement is met.[1]

The final requirement for the relief sought by Mr. Hendry is the absence of his consent to be cross-examined by his former counsel. I find nothing in the evidence or argument offered in connection with these motions to suggest that Mr. Hendry has

---

[1]     Plaintiffs argue that the representations of Hendry's attorney are insufficient to establish the adverse nature of his anticipated testimony. While I agree that a sworn declaration of the witness himself would constitute a stronger showing, I do not view it as a requirement. Counsel is subject to potential sanctions for intentionally misleading the court and/or unnecessarily protracting or complicating the litigation process. Should the client/witness not testify in a manner consistent with his attorney's representations, appropriate relief in the form of sanctions and/or the striking of the deposition testimony, and/or the reconvening of the deposition for complete and uninhibited cross-examination can be afforded.

consented to be cross-examined by his former attorney.  Based upon the parties' written submissions, and the arguments of counsel at the motion hearing, I find that: 1) Brooks & Kushman has represented both plaintiffs and James Hendry in legal proceedings regarding the "spillover process" of gas assisted plastic injection molding and/or the validity of the '637 patent; 2) the representations of Mr. James Hendry's current counsel sufficiently establish that his present interests are materially adverse to the interests of plaintiffs as pertaining to the contested process and the rights under the patent; and 3) that Mr. Hendry has not consented after consultation to be cross-examined by his former counsel.  It will be the duty of plaintiffs' counsel to vigorously challenge Hendry's deposition testimony in an effort to undermine and discredit it.  That duty would expose Brooks & Kushman to a conflict.

> [E]xamining one's own client as an adverse witness on behalf of another client, or conducting third party discovery of one client on behalf of another client, is likely (1) to pit the duty of loyalty to each client against the duty of loyalty to the other; (2) to risk breaching the duty of confidentiality to the client-witness . . . [which is] likely to present a direct adverseness of interest.

ABA Comm. on Ethics and Professional Responsibility, Formal Op. 92-367 (1992).  Mr. Hendry has a right to expect that his integrity and credibility will not be impugned by his former attorneys in a substantially related matter.  See Selby v. Revlon Consumer Prod. Corp., 6 Fed.Supp. 2d 577, 582 (N.D. Tex. 1997).

Plaintiffs' several arguments against the disqualification of their counsel from participation in the Hendry deposition are unpersuasive.  Such disqualification would not deny plaintiffs the right to cross-examine the witness.  It only precludes cross-examination by their current attorneys of record.  While it may well be more expensive and time

6

consuming to retain and prepare substitute counsel for participation in the deposition, that burden must be weighed against the unqualified right of Mr. Hendry, as a former client of Brooks & Kushman, to rely upon their loyalty and confidentiality in all related matters. Similarly, disqualification of a single law firm, although undeniably inconvenient, would not deny plaintiffs the right to counsel of their own choosing.  In this connection, it must be remembered that Brooks & Kushman represented Michael Ladney and his business interests prior to their representation of Mr. Hendry.  It is also significant that Mr. Tuttle undertook Hendry's representation in the Florida action with the support of Mr. Ladney. Having willingly accepted the benefits of joint representation when their interest and Hendry's appeared to coincide, plaintiffs may not now be heard to complain of the burdens imposed by the Rules of Professional Conduct when their interests and Mr. Hendry's diverge.  Finally, I find that the doctrine of assignor estoppel is inapplicable to the facts of this case.  The doctrine precludes assignors of patents from raising invalidity as a defense to their own infringement of the patent rights.  It does not operate as a rule of evidence, and is not a doctrine of witness disqualification.  Briggs V. Riley Travelwear, LLC v. Paragon Luggege, Inc., 324 F.Supp. 2nd 395, 400-401 (S.D. N.Y. 2003).  I find that Brooks & Kushman must be disqualified from participation in, and preparation for, the deposition and trial testimony of Mr. James W. Hendry.

Plaintiffs' motion also seeks a determination by this court that the September 1, 2001 consulting agreement between Hendry and Cinpres was made for an illegal purpose, that is, to unlawfully obstruct plaintiffs' access to Mr. Hendry and his evidence.  They contend that Mr. Hendry's assurance to Cinpres that he had "no continuing, existing or likely future link" to Mr. Ladney was a sham, and that the illegal purpose of the agreement

7

renders it unenforceable.  Hendry counters that the relief sought is not available under Fed.R.Civ.P. 26(c).  His counsel further observes that: 1) nothing in the language of Hendry's assurances is unusual or suggestive of witness tampering; and 2) the agreement expired by its own terms in 2003.  I conclude that the relief requested by plaintiff must be denied.  Whatever the nature or extent of Mr. Hendry's contract relationships may be, he remains available to all parties in this action as a witness.  His obligation to answer truthfully is unaffected by his professional and business affiliations.  Plaintiffs are free to inquire into those affiliations, and to secure his sworn declarations on any matter relevant in this action.

Plaintiffs also seek an order directing all parties and their privies (including Cinpres Gas Injection Ltd. and BIN Group Ltd.) to disclose their dealings with Mr. Hendry.  Once again, I find that the relief requested should be denied.  Plaintiffs are free to fully examine Mr. Hendry regarding his contacts with other parties of interest in this litigation.  In view of the declarations of his counsel concerning his anticipated testimony, I fully expect that plaintiffs will vigorously explore Mr. Hendry's relationships with Cinpres and other business interests who's rights may be affected by the judgment in this action.  Whether Hendry's responses will provide a basis for relief under Rule 26 remains to be demonstrated.  At this point, however, I find that an order for the relief sought is inappropriate.

For all of the foregoing reasons, Plaintiffs' Motion for a Rule 26(c) Protective Order on the Deposition of Non-Party James W. Hendry is denied, and Non-Party James Hendry's Motion for Protective Order is Granted.  Robert Tuttle, Esq. And all attorneys associated with Brooks & Kushman, P.C., are prohibited from participation in the deposition of James W. Hendry, including preparation for the cross-examination of the deponent.  It is further ordered that Mr. Michael Ladney may be present during the deposition as a representative of plaintiffs.


                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: May 10, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on May 10, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 10, 2005.  **Cheryl Bush, Ronald Owen, Frank Cimino, Jonathan Yates**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217

9